UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

MELANIE I. CORNELL,

        Plaintiffs,

    v.

SELECT PORTFOLIO SERVICING, INC.,

        Defendant.
_____/

No. CIV S-11-1462 KJM-EFB

**AMENDED** MEMORANDUM AND ORDER[1]

        This matter is before the court on the motion of defendant Select Portfolio Servicing, Inc. ("SPS" or "defendant") to expunge plaintiff Melanie I. Cornell's ("plaintiff") *lis pendens*. Plaintiff opposes the motion. For the reasons set forth below,[2] defendant's motion to expunge *lis pendens* is GRANTED.

I. BACKGROUND

        Plaintiffs brought this action in the Superior Court of California for the County of Nevada against defendant for conduct arising out of a mortgage loan. Thereafter, plaintiff also filed a Notice of Pendency of Action with the state court with respect to the property at issue in

---

[1] This amended memorandum and order makes minor modifications to the order filed on November 01, 2011, (ECF No. 60), relating to non-substantive, typographical errors brought to the court's attention by defense counsel. That order is hereby VACATED and the instant order supercedes it in all respects.

[2] Because oral argument will not be of material assistance, the court ordered this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  the complaint, which is located at 23629 Fagerlie Road, Auburn, California 95602.  On May 31,
2  2011, defendant removed the case to this court on the basis of diversity jurisdiction.
3         Shortly after removing the case to federal court, defendant filed a motion to
4  dismiss plaintiffs' complaint. On September 8, 2011, the court dismissed plaintiff's complaint in
5  its entirety for lack of subject matter jurisdiction.  Specifically, the court held that plaintiffs
6  claims were not ripe, and thus, not fit for adjudication in accordance with Article III of the
7  United States Constitution.  Plaintiff has since appealed dismissal of her complaint.[3]
8  II.  ANALYSIS
9         Defendant SPS moves to expunge plaintiff's Notice of Pendency of Action (*"lis*
10 *pendens"*) on the Fagerlie Road property.  Specifically, defendant asserts that because the court
11 dismissed plaintiff's complaint and plaintiff failed to establish a real property claim, the property
12 should no longer be encumbered by the *lis pendens*.  Plaintiff contends that because the court
13 dismissed her complaint for lack of ripeness, the court does not have subject matter jurisdiction
14 to hear defendant's claim that the *lis pendens* should be expunged.[4]
15         Federal courts look to state law in matters pertaining to *lis pendens*.  *See* 28
16 U.S.C. § 1964.  Under California Code of Civil Procedure § 405.20, "[a] party to an action who
17 asserts a real property claim may record a notice of pendency of action, [a lis pendens], in which
18 that real property claim is alleged."   The effect of a *lis pendens* "is that anyone acquiring an

---

[3] Plaintiff does not outright contend that this court cannot rule upon defendant's motion to expunge the *lis pendens* because dismissal of plaintiff's complaint is currently on appeal. Plaintiff does, however, suggest that the court should refrain from ruling on defendant's motion, "especially since all of the issues before this court are now before the appeals court."  (Pl.'s Opp'n, filed Oct. 09, 2011 [Docket #49] at 4:19-20.)   However, the court's ruling on the motion to expunge is appropriate because it is supplemental to those issues currently on appeal. Specifically, defendant's motion to expunge is supplemental to whether plaintiff's claims are sufficiently ripe such that this court may exercise jurisdiction in accordance with Article III of the United States Constitution — the sole issue on appeal.  *See In re Weston,* 110 B.R. 452, 458 (E.D. Cal. 1989) ("A trial court is generally divested of jurisdiction when a matter is on appeal unless the decision is a collateral matter such as the expungement of a *lis pendens.*").

[4] Plaintiff also maintains that any order expunging the *lis pendens* would be an improper amendment of a judgment under Federal Rule of Procedure 59.  The court, however, in expunging the *lis pendens*, is not altering the judgment on plaintiff's claims.  The *lis pendens* and plaintiff's complaint are mutually exclusive; the court, in expunging the *lis pendens*, does not affect or alter the court's judgment dismissing plaintiff's complaint.

interest in the property after the action was filed will be bound by the judgment." *BGJ Assocs., LLC v. Superior Court*, 75 Cal. App. 4th 952, 966 (2d Dist. 1999). "Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." Id. at 967.

"At any time after notice of pendency of action has been recorded, any party . . . may apply to the court in which the action is pending to expunge the notice." Cal. Code Civ. Proc. § 405.30. Further, as provided by California Code of Civil Procedure §§ 405.31 and 405.32, a court shall order that the notice be expunged if (1) "the court finds that the pleading on which the notice is based does not contain a real property claim"; or (2) "the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." Plaintiff bears the burden of coming forward with evidence establishing that the pending action involves a real property claim and that such claim is valid. Cal. Code Civ. Proc. § 405.30.

In this case, plaintiff's contention that the court lacks jurisdiction over defendant's motion to expunge plaintiff's *lis pendens* is unavailing. Specifically, the court ruled that it did not have subject matter jurisdiction over plaintiff's claims for quiet title, injunctive relief and wrongful conversion. That decision, however, is wholly unrelated to the court's power to expunge the *lis pendens* after dismissal of the action. Indeed, if plaintiff's position were valid, any person could hypothetically cloud title in perpetuity by maintaining a *lis pendens* on real property even after the claims upon which the *lis pendens* is filed have been dismissed and are no longer pending. The purpose of a *lis pendens*, however, is to give "constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice." *BGJ Assocs., LLC*, 75 Cal. App. 4th at 966. Once that action has been dismissed, the *lis pendens* serves no purpose, and thus, must be expunged.

As a result of the court's outright dismissal of plaintiff's claims, she is left without a real property claim and cannot establish the probable validity of such a claim in this case. Accordingly, defendant SPS's motion to expunge the *lis pendens* is GRANTED.

Moreover, while California Code of Civil Procedure § 405.31 permits an award of attorneys' fees in connection with expungement of *lis pendens*, the court declines to award attorneys' fees in this case because defendant has failed to convincingly demonstrate that plaintiff acted without substantial justification in this litigation or in recording the *lis pendens*.

III. CONCLUSION

For the foregoing reasons, defendant SPS's motion to expunge the *lis pendens* (ECF 43) is GRANTED, and plaintiff's *lis pendens* is hereby expunged from the public record. Specifically, the *lis pendens* as to the property located at 23629 Fagerlie Road, Auburn, California 95602 and recorded in the Nevada County Recorder's Office as Document Number 2011-0006187, is hereby expunged from the public record.

Plaintiff's request to file a late declaration (ECF 57) is denied.

IT IS SO ORDERED.

DATED: November 28, 2011.

_____
UNITED STATES DISTRICT JUDGE